IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**                                              **PLAINTIFF**

**VS.**                                              **CIVIL ACTION: 1:17cv244-LG-RHW**

**ANGIE HOLLAWAY,** *et al.*                                              **DEFENDANT**

### REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* following review of the docket entries in the case.  Plaintiff filed this prisoner civil rights lawsuit September 7, 2017.  Following the initial screening process, on February 5, 2018 the Court sent a request for waiver of service of process to Defendant Marcus Nelson c/o the Mississippi Department of Corrections (MDOC).  [19]  Soon thereafter, the MDOC advised the Court that Nelson was no longer employed by MDOC, and provided, under seal, Nelson's last known address, which was a post office box.  [25]  The Court immediately had a request for waiver of service mailed to Nelson at the last known address. [26], [27]  Nelson did not respond to the second request for waiver.  Having no street address for service by the United States Marshal Service (USMS), the Court then entered Order [29] requiring Plaintiff to provide a current street address for service of process on Nelson.  Plaintiff first responded on May 7, 2018, stating he did not know Nelson's address, but wanted to keep Nelson as a Defendant in the case, and would provide an address as soon as he received one.  Plaintiff suggested that the Court issue summons for Nelson at 633 North State Street Jackson, MS, the (MDOC) address to which the original unsuccessful request for Nelson's waiver of service was sent; or have Nelson served by publication or certified mail; or dismiss Nelson without prejudice.  [31]

On or about May 23, 2018, Plaintiff sent the Clerk a completed summons to be issued for Nelson at yet another address. The Court promptly ordered the Clerk to issue the summons and deliver it with copies of specified pleadings for service on Nelson by the USMS. [35], [36] On June 27, 2018, the USMS returned the summons unexecuted for the stated reason that, "individual does not reside at this address." [38] It is the Plaintiff's responsibility to provide a Defendant's address for the purpose of service of process. *See Barmes v. Nolan*, 123 F. App'x 238, 239 (7th Cir. 2005) (finding district court was not responsible for helping *pro se* plaintiff locate address of defendant); *Laurence v. Wall*, 551 F.3d 92 (1st Cir. 2008) (IFP plaintiff is required to cooperate with court and USMS in effectuating service, including providing addresses of named defendants).

## RECOMMENDATION

Since the Court has three times attempted to obtain service on Defendant Nelson at three different addresses, all with no success, the undersigned recommends that the complaint be dismissed without prejudice as to Marcus Nelson.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding

or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed this the 24th day of July, 2018.

                                              /s/ *Robert H. Walker*
                                              ROBERT H. WALKER
                                              UNITED STATES MAGISTRATE JUDGE