IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**                                      **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION: 1:17cv244-LG-RHW**

**ANGIE HOLLAWAY,** *et al.*                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the Court on motions [24] and [28] filed by the *pro se* Plaintiff while this prisoner civil rights lawsuit case was still undergoing initial screening. Motion [24], filed March 5, 2018, seeks an order from the District Judge requiring the preservation of (1) emails which Plaintiff sent to five individuals between December 1, 2016 and January 31, 2017 – only one of the individuals is a party in this litigation; (2) information obtained from a cellphone recovered from Plaintiff in June 2017; tape recordings, written statements, and investigative findings of CID as to Plaintiff from 2016-2018; all Plaintiff's files in MDOC custody, possession or control under the legal swap and storage program; and all disciplinary and classification documents relating to Plaintiff from 2015-2018. Motion [28], filed March 26, 2018, seeks a temporary restraining order or preliminary injunction ordering the Mississippi Department of Corrections and its employees, officers and agents to refrain "from taking any unlawful administrative actions against the plaintiff and any form of harassment or retaliation in any manner..." The undersigned recommends that both motions be denied.

### Facts and Procedural History

On September 7, 2017,[1] while incarcerated at South Mississippi Correctional Institution (SMCI), Demario Walker filed this lawsuit complaining that on August 22, 2017 he was

---

[1] Walker signed his complaint August 26, 2017.

"administratively reclassified to the highest security level in MDOC (C-custody)," and moved to Unit 9, which he describes as "a unit ran and operated by gang members." He claims he is being "forced back into sexual slavery since August 22, 2017.

Without elaboration, Walker alleges that all actions taken against him were in retaliation for his having filed an earlier case (Civil Action No. 1:17cv27-RHW) against SMCI officers. Walker states he was reclassified due to receiving six Rules Violation Reports (RVRs) in six months, two major rule violations and four serious ones, which resulted in his accumulating points to change him to C-custody and housing in a Special Treatment Unit (STU). Walker alleges the RVRs were false and resulted from retaliation. Named as defendants in the original complaint lawsuit were Case Manager Chasity Blakley, who performed the reclassification; Associate Warden Angie Hollaway, who approved the reclassification and Walker's transfer to Unit 9; Assistant Director of Offender Services Jarita Bivens, who approved his transfer to Unit 9; Officer Jamario Clark, who allegedly is a gang member and sexually assaulted Walker over a dozen times between February 22, 2016 and March 10, 2017, and put out a "statewide hit" on Walker; MDOC Commissioner Pelicia Hall and SMCI Superintendent Jacqualine (*sic*) Banks, who allegedly ordered campaigns of harassment, retaliation and terror against Walker; and Officer Marcus Nelson who also allegedly sexually assaulted Walker.[2] A September 29, 2017 motion to amend the complaint resulted in the addition of two more Defendants, Pamela Robinson the Director of Offender Services/Classification and Ronald King, the Superintendent at Central Mississippi Correctional Facility (CMCF).[3] Robinson allegedly approved Walker's

---

[2] Nelson was dismissed from the case on August 15, 2018 for lack of service of process. [41, 43]

[3] By September 29, 2017, barely three weeks after filing this complaint, Walker had been transferred from SMCI to CMCF. [6], [7], [8], [10]

classification and transfer to CMCF "disregarding the risk to [his] health and or safety," and King allegedly housed him with violent offenders, gave him an upper bunk when he was medically restricted to a lower one, and failed to provide him with hygiene, clothing, mail, recreation, showers, cleaning supplies, legal and writing material.  [6]

The relief Walker requested in his complaint was an injunction prohibiting retaliation, prohibiting his being housed in Units 7, 8, 9, and 11 at SMCI, or at CMCF, the Mississippi State Penitentiary (MSP), SMCI Area 3 or SMCI Units A1 through C2,[4] restoration to B-custody and return to Unit 10 housing, restoration of his job at the prison, $500,000 punitive damages and $100,000 compensatory damages.  [1, p. 4]

By January 19, 2018 Walker had been transferred to MSP at Parchman, and while there, he filed the motions now before the Court.  [14]  In May 2018, the Court set the case for a screening/omnibus hearing on October 10, 2018 [32], [33], however Walker was released from prison in July [40], and Defendants moved for summary judgment on grounds including failure to exhaust administrative remedies and sovereign immunity in September.  The Court concluded that the interests of judicial economy would be better served by resolution of the dispositive motion prior to a hearing, and canceled the October 10, 2018 hearing.  [44], [46]  The summary judgment motion remains pending.

With respect to his motion to preserve evidence, Walker has presented nothing to demonstrate any relevance to the present lawsuit of his emails to Commissioner Hall or the named non-parties, or of information obtained from a cellphone dump months before he filed this lawsuit; nor has he shown any connection between this case and tape recordings, written statements, or CID investigative findings about him from 2016 - 2018.  Absent any showing of

---

[4]Walker contends he cannot be safely housed in any Mississippi penal institution.

relevance or authority requiring the MDOC to provide Walker a copy of his correspondence, the undersigned is of the opinion that this motion should be denied.  Furthermore, since the filing of this motion, Walker was released from prison, at which time the responsibility for his own personal property and files fell to him.

Walker's motion for a TRO/preliminary injunction fares no better.  To be entitled to preliminary injunctive relief a party must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.* 760 F.2d 618, 621 (5th Cir. 1985).  A preliminary injunction is an extraordinary remedy, which should be granted only if the moving party has clearly carried the burden of persuasion on all four prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule. *Id.* at 622.

In his original complaint, Plaintiff complained of being reclassified to C-custody and moved to a different housing unit at SMCI.  Neither reclassification nor housing changes present constitutional claims.  An inmate has no protectable property or liberty interest in his custodial classification (*Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995) (citations omitted)), or in his housing assignment.  Therefore, he cannot complain about any lack of procedural due process in connection with being moved from one housing unit to another. *Nash v. Wilkinson,* 124 F. App'x 254, 255 (5th Cir. 2005), (*citing Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Meachum v. Fano,* 427 U.S. 215, 225 (1976); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir.1999); *Jackson v. Cain,* 864 F.2d 1235, 1250 (5th Cir.1989).  Walker's allegations of retaliation are largely conclusory; the mere fact that he had a lawsuit in progress does not automatically establish that

every action by corrections officials sprang from retaliatory motive. Mere conclusory allegations of retaliation are insufficient; Walker was required to allege more than his personal belief that he is the victim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).[5] Furthermore, after filing suit in this case, Walker was promptly moved away from SMCI where his complaints arose and Defendants are located, and he was not returned to SMCI prior to his release from prison less than a year later.[6] And the pending dispositive motion asserts that Plaintiff failed to exhaust administrative remedies prior to filing suit.

The undersigned finds Plaintiff has failed to show a substantial likelihood that he will prevail on the merits in this action, or that there is a substantial threat that irreparable injury will result if the injunction is not granted. The undersigned finds Plaintiff has failed to carry his burden of persuasion as to the prerequisites for a TRO/preliminary injunction.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Plaintiff's motion [24] for an order to preserve evidence and [28] motion for TRO/preliminary injunction be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to

---

[5] Plaintiff should be keenly aware of the necessity of pleading *facts*. In this district alone he has filed almost fifty § 1983 lawsuits, and he has accumulated nine strikes.

[6] Less than three months after his release, Walker was back in jail. He last changed his address on October 3, 2018 to 221 N. Timber Street, Brandon, MS 39042, which appeared to be a free-world address, but is in fact the address of the Rankin County jail.

objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 7th day of November, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE