UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMARIO DONTEZ WALKER                                                             PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:17CV244-LG-RHW

JAMARIO CLARK et al                                                              DEFENDANTS

### ORDER DENYING MOTION TO SUBSTITUTE

Before the Court is Plaintiff Demario Dontez Walker's motion to substitute party. Doc. [147]. On April 16, 2020, counsel for Defendants filed a suggestion of death with respect to Defendant Jamario Clark. Doc. [138]. Plaintiff later filed the instant motion to substitute MDOC Commissioner Tommy Taylor as Defendant Clark's successor on the basis that Clark was a public officer who acted as Taylor's agent. Doc. [147]. By agreement of the parties, the only claims remaining against Defendant Clark are based on allegations he committed acts of physical and sexual abuse against Plaintiff. *See* Doc. [139-1] at 5-6. In other words, there are no remaining official capacity claims pending against Clark.

In his complaint, Plaintiff alleges intentional torts committed by Defendant Clark in his individual capacity. Plaintiff cannot simply substitute the MDOC Commissioner as successor for Defendant Clark based on principles of agency or supervisory liability. Under § 1983, supervisory officials such as Commissioner Taylor are not liable for the actions of subordinates on any theory of vicarious liability. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987). Plaintiff's motion to substitute the MDOC Commissioner appears to be brought pursuant to Rule 25(d). However, by its terms, Rule 25(d) only provides for substitution of a successor in office

where the original defendant was sued for actions in his official capacity.  Accordingly, Plaintiff's motion to substitute should be denied.

Plaintiff's individual capacity claims against Defendant Clark survive his death.  However, to continue his suit against Defendant Clark, Plaintiff needs to proceed against the decedent's estate or personal representative.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1980); *Patrice v. Young*, 832 F.Supp. 721, 724-27 (S.D.N.Y. 1993).  Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."  Rule 25 requires the motion for substitution to be served on the deceased-defendant's estate before the court will grant the motion and substitute the deceased-defendant's estate as a party.  *Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir. 2015).

At this point, it is unclear whether Plaintiff wishes to pursue individual capacity claims against the estate and/or personal representative of Jamario Clark.  It is Plaintiff's responsibility to identify the proper party, make the substitution, and provide sufficient information to the Court for the U.S. Marshal to locate the party for service.  Accordingly, Plaintiff shall have until **August 13, 2020**, to identify the proper estate and/or personal representative, including an address for service of process, and to file a motion to substitute.

**If Plaintiff fails to file a motion to substitute, including all the necessary information and within the time allotted, his claims against Defendant Clark will be dismissed for failure to prosecute.**

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [147] Motion to Substitute Party is DENIED, subject to the provisions outlined in this order.

SO ORDERED AND ADJUDGED, this the 13th day of July 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE