UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMARIO DONTEZ WALKER                                                    PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:17CV244-LG-RHW

JAMARIO CLARK et al                                                      DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Defendant Demario Dontez Walker filed a 42 U.S.C. § 1983 prisoner civil rights

complaint alleging unconstitutional conditions of confinement.  Doc. [1].  The undersigned

conducted a screening hearing on January 16, 2020.  At the hearing, the parties agreed that only

the following claims remain pending in this lawsuit:

(1) Claims against Defendant Jamario Walker for physical and sexual assault;

(2) Claims against Defendant Pamela Robinson for failure to protect; and

(3) Claims against Defendant Ron King for assigning Plaintiff to a top bunk when he

should have been assigned to a lower bunk.

*See* Doc. [139-1] at 6-7, 14-15.  Defendants Robinson and King have filed a motion for summary

judgment.  Doc. [139].  They argue Plaintiff failed to exhaust administrative remedies prior to

filing his lawsuit.  In response, Plaintiff argues Defendants failed to carry their burden of proof.

Doc. [146].

Counsel for Defendants also filed a suggestion of death with respect to Defendant

Jamario Clark.  Doc. [138].  In response to the suggestion of death, Plaintiff filed a motion to

substitute party, asking to substitute MDOC Commissioner Tommy Taylor as Defendant Clark's

successor.  Doc. [147].  By separate order, the Court denied Plaintiff's motion to substitute.

**Law and Analysis**

**Summary Judgment Standard**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Defendant Pamela Robinson**

According to Plaintiff, he sued Defendant Robinson because "after she was notified of

my situation she approved the classification and transfer to CMCF disregarding the risk to my

health and or safety." Doc. [6] at 1. The Court previously dismissed Plaintiff's classification

and housing claims because he failed to exhaust administrative remedies prior to filing suit. *See*

Doc. [119]. At the screening hearing, Plaintiff clarified that his claim against Robinson is for

failure to protect Plaintiff because she disregarded a known risk to Plaintiff's safety when she

approved his transfer to CMCF. Doc. [140-1] at 7. Defendant Robinson approved a transfer and

"classification that she knew would more likely than not result in injury occurring to the

plaintiff." *Id.* at 9-10. As a result of his transfer, Plaintiff alleges he was assaulted between

November 2017 and June 2018. *Id.* at 11.

Defendants presented summary judgment evidence demonstrating that Plaintiff was

transferred from SMCI to CMCF on September 7, 2017. *See* Doc. [139-2]. Plaintiff filed his

complaint on September 7, 2017, with a signature date of August 26, 2017. *See* Doc. [1].

Clearly, the injuries allegedly caused after Plaintiff's transfer to CMCF could not have occurred

until *after* Plaintiff filed the instant lawsuit. Accordingly, Plaintiff failed to exhaust

administrative remedies for these post-lawsuit injuries prior to initiating litigation. *See Gonzalez*

*v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998)

(holding that "administrative remedies be exhausted *before* the filing of a § 1983 suit, rather than

while the action is pending."); *Evans v. Grubbs*, 2011 WL 2565298, at *2 (S.D.Miss. June 28,

2011); *see also Harbin-Bey v. Rutter*, 571, 580 (6th Cir. 2005) (concluding that court did not

abuse discretion when it denied motion to amend complaint to add retaliation claim where

inmate filed administrative grievance only after commencing lawsuit); *Freeman v. Francis*, 196

F.3d 641, 645 (6th Cir. 1995); *Meeks v. Schofield*, 625 F3dd. Appx. 697, 703 (6th Cir. 2015)

(district court did not abuse discretion in denying motion to amend because claims involved

action that post-dated filing of complaint); *Moses-Papeje*, No. 08-12161, 2009 WL 1260010, at

*1 (E.D.Mich. Apr. 30, 2009) (denying motion to amend to add retaliation claims involving

grievances initiated after lawsuit was filed).  Moreover, to the extent Plaintiff re-asserts claims

related to classification and transfers, these claims already have been dismissed by the Court for

failure to exhaust.  *See* Doc. [119].  The undersigned finds Plaintiff's claims against Defendant

Robinson should be dismissed.

**Defendant Ron King**

Plaintiff alleges Defendant Ron King assigned Plaintiff to a top bunk at CMCF.  In the

motion to amend, Plaintiff makes clear he added Defendant King because he is superintendent at

CMCF.  Doc. [6] at 1.  Upon Plaintiff's arrival at CMCF, Defendant King assigned Plaintiff to a

top bunk even though he knew Plaintiff was medically restricted to a lower bunk.  *Id.*  Plaintiff

also alleges Defendant King denied Plaintiff's access to mail, "shavers", recreation, an

opportunity to clean his cell, legal materials, writing materials, and he housed Plaintiff with

"violent dangerous inmates".  *Id.* at 1-2.  As demonstrated by Defendants uncontradicted

summary judgment evidence, Plaintiff did not arrive at CMCF until September 7, 2020,

approximately two weeks after Plaintiff signed his complaint and the same day Plaintiff's

complaint was filed with the Court.  *See* Doc. [139-2].  The injuries allegedly caused by

Defendant King could not have occurred until *after* Plaintiff was transferred to CMCF, and

therefore, could not have occurred until after he filed the instant lawsuit.  Accordingly, for his

claims against Defendant King, Plaintiff failed to exhaust administrative remedies prior to

initiating litigation.

With respect to both Defendants, Plaintiff asserts they failed to meet their burden of proof because they presented no evidence that he failed to complete the formal grievance process prior to filing his lawsuit. Doc. [146]. Plaintiff does not deny he was transferred to CMCF on September 7, 2017. Instead he asserts it is possible the grievance process could have been both initiated and completed on September 7th, prior to the complaint being filed on that same day. Plaintiff's argument neglects to account for the fact he signed his complaint on August 26, 2017; therefore, the complaint would be considered filed when it was placed in the prison mail system, which necessarily would have occurred prior to the September 7th transfer to CMCF. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (prisoner's *pro se* complaint deemed filed on the date he placed it in the prison mail system). Furthermore, in the opening paragraph of his response, Plaintiff represents that "while [he] was confined at South Mississippi Correctional Institution (SMCI), he filed this civil rights lawsuit." *See id.* at 1. In other words, he admits he filed the complaint prior to his September 7th transfer to CMCF, and thus prior to the injuries that occurred thereafter.

In support of an earlier motion for summary judgment, Defendants provided documentation of a grievance submitted by Plaintiff on September 18, 2017, wherein he complained about his reclassification and consequent move to CMCF. *See* Doc. [44-2]. Thus, the only documentary evidence provided to the Court indicates Plaintiff indeed filed his grievance *after* filing the instant complaint. The alleged injuries attributed to Defendants Robinson and King did not occur until after Plaintiff's September 7th transfer from SMCI to CMCF. He filed his complaint while at SMCI, prior to his transfer to CMCF. Therefore, he could not have exhausted the grievance process for injuries that occurred at CMCF prior to filing the instant complaint.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [139] Motion for Summary Judgment be GRANTED, and that Plaintiff Demario Dontez Walker's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice as to Defendants Pamela Robinson and Ron King.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 13th day of July 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE