IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEMARIO DONTEZ WALKER**   **PLAINTIFF**

**v.**   **CAUSE NO. 1:17CV244-LG-RPM**

**JAMARIO CLARK, ET AL.**   **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, AND DENYING APPEAL

**BEFORE THE COURT** is the [157] Report and Recommendation entered by Magistrate Judge Robert H. Walker on July 13, 2020, as well as Plaintiff's [161] Objections and [164] Supplemental Objections thereto. Judge Walker recommends that the [139] Motion for Summary Judgment filed by Defendants Ronald King and Pamela Robinson ("Defendants") be granted. Also before the Court is Plaintiff's [162] Appeal of Orders entered by Judge Walker on July 13, 2020. Specifically, Plaintiff appeals the Judge's [154] Order Denying Motion to Compel and [155] Order Denying Motion for Record Replacement, Motion for Additional Legal Assistance, and Motion to Extend All Deadlines.

**I.**   **Report & Recommendation**

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole*

*Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

The record indicates that the Court received Plaintiff's Objections on July 23, 2020. (*See* Envelope, ECF No. 161-2). By operation of the "mailbox rule," Plaintiff filed his Objections when he deposited them in the prison mail system, which took place on or before July 23, 2020. *Dickerson v. Nash*, No. 3:17CV779-DCB-LRA, 2020 WL 3840031, at *1 (S.D. Miss. July 8, 2020). Hence, Plaintiff's Objections were timely filed within the applicable fourteen-day period. *See* 28 U.S.C. § 636(b)(1). Plaintiff's Supplemental Objections were mailed on July 27, 2020, also within the fourteen-day period. (*See* Envelope, ECF No. 164-1). The Court must therefore make a *de novo* determination of the issues to which Plaintiff objected.

In his Report and Recommendation, the Magistrate Judge observed that Plaintiff's lawsuit was filed before he sustained the injuries allegedly caused by Defendants. (R. & R. 3-5, ECF No. 157). Therefore, Plaintiff could not have exhausted his administrative remedies prior to filing the Complaint, a conclusion which is corroborated by a grievance submittal which postdates the Complaint. (*Id.* at 5). Plaintiff's Objections do not surmount these observations or provide any evidence that he exhausted his administrative remedies with respect to these claims. *See, e.g., Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("District

courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."). For the reasons stated in Magistrate Judge Walker's Report and Recommendation, Defendants' Motion for Summary Judgment will be granted and Walker's claims against them dismissed without prejudice.

## II.   Appeal

"A party aggrieved by a magistrate judge's ruling may appeal the ruling to the assigned district judge." L. U. Civ. R. 72(a)(1)(A). The Local Rules provide:

> No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

L. U. Civ. R. 72(a)(1)(B). Similarly, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

In denying Plaintiff's Motion to Compel, the Magistrate Judge found that the Motion was filed after the close of discovery and did not present any reason to reopen it. (*See* Order Denying Mot. Compel, ECF No. 154). Plaintiff argues on appeal that he attempted to communicate with counsel and grant Defendants additional time to respond to discovery. "However, if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must

protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck & Co.*, No. 3:01CV35-BN, 203 F.R.D. 240, 241 (S.D. Miss. Oct. 26, 2001). Plaintiff's courtesies to opposing counsel cannot excuse his untimely Motion to Compel.

In the other Order, the Magistrate found that Plaintiff had not presented any compelling need for additional legal assistance and copies of certain legal documents, nor to extend all deadlines beyond those contained in the scheduling order. (*See* Order Denying Mots. 1-2, ECF No. 155). Plaintiff argues on appeal that he needs these documents and extensions to respond to Defendants' Motion for Summary Judgment. However, this Motion has already been briefed, complete with an opposition by Plaintiff (Pl.'s Resp. Def.'s Mot. Summ. J., ECF No. 146), which was followed by a brief in support of Plaintiff's Objections to the Magistrate's Report and Recommendation. (Obj. R. & R., ECF No. 161). Plaintiff has not offered any other compelling reason for the Court to grant the relief he seeks.

**IT IS ORDERED AND ADJUDGED** that the [157] Report and Recommendation is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [139] Motion for Summary Judgment filed by Defendants Pamela Robinson and Ronald King is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS ORDERED AND ADJUDGED** that Plaintiff's [162] Appeal of the Magistrate Judge's Rulings is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2020.

                                             s/ *Louis Guirola, Jr.*
                                             LOUIS GUIROLA, JR.
                                             UNITED STATES DISTRICT JUDGE