UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMARIO DONTEZ WALKER                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:17CV244-LG-RPM

JAMARIO CLARK et al                                                              DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court on Plaintiff Demario Dontez Walker's 42 U.S.C. § 1983 prisoner civil rights complaint. Doc. [147]. By prior order, the Court dismissed without prejudice Plaintiff's claims against Defendants Pamela Robinson and Ronald King. Doc. [168]. As a consequence, Jamario Clark is the only remaining defendant. In his complaint, Plaintiff alleges intentional torts committed by Defendant Clark in his individual capacity. By agreement of the parties, the only claims remaining against Defendant Clark are based on allegations he committed acts of physical and sexual abuse against Plaintiff. *See* Doc. [139-1] at 5-6.

On April 16, 2020, counsel for Defendants filed a suggestion of death with respect to Defendant Jamario Clark. Doc. [138]. Plaintiff initially filed a motion to substitute MDOC Commissioner Tommy Taylor as Defendant Clark's successor on the basis that Clark was a public officer who acted as Taylor's agent. Doc. [147]. The Court denied this motion. Doc. [156]. The Court gave Plaintiff a deadline of August 13, 2020, to file a motion to substitute the proper party. *Id.* at 2. Plaintiff was cautioned that failure to file a proper motion to substitute would result in dismissal of his claims against Defendant Clark for failure to prosecute.

Plaintiff's individual capacity claims against Defendant Clark survive his death. However, to continue his suit against Defendant Clark, Plaintiff must proceed against the decedent's estate or personal representative. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1980);

*Patrice v. Young*, 832 F.Supp. 721, 724-27 (S.D.N.Y. 1993).  Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."  Rule 25 requires the motion for substitution to be served on the deceased-defendant's estate before the court will grant the motion and substitute the deceased-defendant's estate as a party.  *Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir. 2015).

Plaintiff has requested assistance from the Court to identify the proper party to substitute for the deceased Defendant.  The Court does not conduct discovery nor advocate on behalf of pro se litigants.  *See Brown v. Tuttle*, No. 3:13-cv-1444(VAB), 2015 WL 4546092, at *2 (D. Conn. July 28, 2015); *Grant v. McGill*, No. 3:06-cv-1063(RNC)(DFM), 2006 WL 2666087, at *1 (D.Conn. Sept. 15, 2006).  This Court has "no obligation to act as counsel or paralegal to pro se litigants."  *Day v. McDonough*, 547 U.S. 198, 210 (2006) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)); *see also Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants.").  Nor was Defendant Clark's former counsel required to identify the successor party to the decedent in the suggestion of death.  *See Ray v. Koester*, No. 03-50513, 2004 WL 96780 (5th Cir. Jan. 21, 2004); *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998); *Ray v. Koester*, 215 F.R.D. 533, 534-35 (W.D.Tex. 2003).

On August 6, 2020, Plaintiff filed a motion requesting additional time to file his motion to substitute and seeking the Court's assistance in identifying the proper party to substitute for Defendant Clark.  Doc. [165].  By Order dated August 20, 2020, the Court granted in part Plaintiff's motion.  Doc. [175].  The Court directed former counsel for Defendant Clark to

inquire whether an estate had been established for deceased-Defendant Jamario Clark and to file a written response by August 27, 2020. *Id.* at 2. Plaintiff's deadline to file a motion to substitute was extended to October 9, 2020. In response to the Court's order, Defendant Clark's former counsel outlined efforts taken to determine whether an estate had been established. Doc. [176]. After searching chancery court records and pursuing other leads, counsel could not identify any estate established for Defendant Clark.

Despite being cautioned that his claims would be dismissed, Plaintiff has not filed a timely motion to substitute and has not identified the proper substitute party for deceased-Defendant Jamario Clark. He is now two weeks past the Court-imposed deadline. Accordingly, the undersigned recommends that Plaintiff's claims against Defendant Clark be dismissed without prejudice.

## RECOMMENDATION

The undersigned recommends that Plaintiff's claims against Defendant Jamario Clark, asserted in his 42 U.S.C. § 1983 civil rights complaint, be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions

and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 26th day of October 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE